IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ERIC L. JORDAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **02-88-CJP**[1] |
| | ) | |
| **R. PETERMEYER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

At this juncture only part of one of the original six claims remains– Count 3, alleging that

defendant Sergeant David Garrison, a correctional officer at Centralia Correctional Center,

ignored inmate-plaintiff Jordan's pleas for medical assistance.  **(Doc. 1, pp. 6-7).**  Defendant

Garrison is now before the Court seeking summary judgment, pursuant to Federal Rule of Civil

Procedure 56.  **(Docs. 39 and 40).**  Plaintiff has not filed a response to the subject motion.

### The Applicable Legal Standard for Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law."  **Fed.R.Civ.P. 56(c);  *see also Celotex Corp. v.***

***Catrett*, 477 U.S. 317 (1986).**  The evidence is construed in the light most favorable to the non-

---

[1]Pursuant to 28 U.S.C. § 636(c), upon the consent of the parties, this case was referred to the undersigned U.S. Magistrate Judge for any and all further proceedings, including entry of judgment.  **(Docs. 9, 45 and 46).**

moving party and all justifiable inferences are drawn in favor of that party.  ***See  Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).**  Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial.  ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings, more substantial evidence must be presented at this stage.  "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." ***Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990).**  Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties" **(*Anderson*, 477 U.S. at 247)**, or by "some metaphysical doubt as to the material facts, **(*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))**."  "[S]ummary judgment will not be defeated simply because issues of motive or intent are involved, and is proper when plaintiff fails to indicate any motive or intent to support plaintiff's position." ***Morgan v.  Harris Trust and Savings Bank*, 867 F.2d 1023, 1026 (7th Cir. 1989).**

## Analysis

Plaintiff Jordan alleges in Count 3 of his complaint that defendant Garrison not only used excessive force against plaintiff by grabbing and pulling plaintiff's arms through the food slot in the cell door, but also ignored plaintiff's plea for medical assistance, which included banging on the door for approximately two hours.  **(Doc. 1, pp. 6-7).**  Garrison has already been granted summary judgment relative to the excessive force aspect of Count 3.  **(Doc. 35).**  Defendant

2

Garrison now argues that plaintiff Jordan's deposition testimony demonstrates that plaintiff did not suffer a serious injury by any measure, and that there is no evidence of deliberate indifference on defendant's part.  More specifically, Garrison cites plaintiff's admission that medical records accurately reflect that he incurred only three "superficial scratches" and/or "scrapes," as well as testimony that plaintiff did not even realize he had been injured until after Garrison had shut the slot in the cell door and began to exit the gallery.  (*See* **Doc. 40, Exhibit 1, pp. 62-63, 82 and Defendant's Exhibit 1).**

> Prison officials' conduct demonstrating deliberate indifference to serious medical needs of prisoners constitutes the "'unnecessary and wanton infliction of pain'" and violates the Eighth Amendment's prohibition of cruel and unusual punishment.  To state an Eighth Amendment claim, a prisoner must show that (1) he had a serious medical need, and (2) the defendants were deliberately indifferent to it.  An objectively serious medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  Deliberate indifference entails more than "mere negligence," and requires the prisoner to show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety from lack of treatment.

*Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (internal citation omitted).

Liability will not attach where the injury appeared slight, but later turned out to be serious; however, where an injury appeared serious and later turned out to be slight, liability will attach--anything else would be gambling with another's health or life.  ***Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991).**  The ultimate determination regarding the seriousness of an injury is best left to a healthcare professional, or the seriousness of the injury must be so obvious that even a lay person would easily recognize the necessity for a healthcare professional's attention.  ***Id.; see also Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).**   Relative to this case, delay in providing medical care may be sufficient for liability.  ***Kelley v. McGinnis*, 899 F.2d**

3

**612 (7th Cir. 1990).**  However, to prove such a claim the plaintiff must produce medical evidence  "'to establish the detrimental effect of delay in medical treatment.'"  ***Langston v. Peters,*** **100 F.3d 1235, 1240 (7th Cir. 1996) (quoting** *Byerbach v. Sears,* **49 F.3d 1324, 1326 (8th Cir.1995)).**

Defendant correctly observes that by plaintiff's own admission, he only incurred three scratches and/or scrapes, which he did not even immediately notice, and which left only a "smear" of blood on his arm and seven or eight drops of blood on his shirt.  **(Doc. 40, pp. 48-50).** Plaintiff testified that he never thought his life was in danger, but he feared catching TB or something from germs on the door slot, and he thought he might need a tetanus shot.  **(Doc. 40, pp. 50-51).**

There is no material question of fact regarding the superficial nature of plaintiff's injury to preclude summary judgment.  Plaintiff's injury was slight by any measure, which he acknowledges.  Plaintiff has not disputed this point, nor has he submitted any evidence of a serious injury.  Unable to satisfy the first element of his claim– establishing an objectively serious medical need– plaintiff's claim fails.

**IT IS HEREBY ORDERED,** for the aforestated reasons, defendant Garrison's motion for summary judgment **(Doc. 39)** is **GRANTED**.  Final judgment in this action shall enter accordingly.

**DATE: December 28, 2005**

                                                                **s/ Clifford J. Proud_____**
                                                                **CLIFFORD J. PROUD**
                                                                **U. S. MAGISTRATE JUDGE**

4